# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO FOSSELMAN, JR., | CASE NO. 1:11-CV-00575-AWI-MJS PC |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S OBJECTION TO MAGISTRATE'S ORDER TO DISMISS COMPLAINT |
| R. HIDALGO, et al., | (ECF No. 9) |
| Defendants. | |

On April 8, 2011, Plaintiff Lorenzo Fosselman Jr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Court issued its Order Dismissing Plaintiff's Complaint with Leave to Amend on February 14, 2012. (ECF No. 8) Plaintiff has not yet filed an amended complaint. The court gave him until March 19, 2012 to do so.

Before the Court is Plaintiff's March 5, 2012, Objection to Magistrate Judge's Order to Dismiss Complaint. (ECF No. 9.) Plaintiff's Objection, which the Court construes as a motion for reconsideration of its February 14th Order,[1] is on grounds that (1) Plaintiff has not consented to Magistrate Judge jurisdiction, (2) Plaintiff, as a pro se, is entitled to liberal construal of his Complaint and, so construed, it states valid claims,

---

[1] Plaintiff's Objection is neither timely nor sufficient as a request for reconsideration by a district court judge. Fed. R. Civ. P. 72; United States District Court for the Eastern District, Local Rule 303(c).

(3) the Court made findings of fact not appropriate at screening, and (4) the Court did not screen state law claims.

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ... " exist. <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." <u>Id.</u> In seeking reconsideration of an order, Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the ... court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ... " of that which was already considered by the Court in rendering its decision. <u>U.S. v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff has not provided grounds or arguments supporting a motion for reconsideration.

The Court's February 14th Order is non-dispositive and within Magistrate Judges's jurisdiction notwithstanding Plaintiff's declination of all-purpose Magistrate jurisdiction.[2] He has not shown clear error or other meritorious grounds for relief from the February 14th Order. His access to court claim placed in issue the docket in <u>Evans</u>

---

[2] 28 U.S.C. § 636(a-b): United States District Court for the Eastern District, Local Rule 302-303.

and Gibbs, the predicate actions in which he claims he was denied meaningful access.[3] A court "may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."[4] A court may take judicial notice of court records.[5] See McCree v. Grisson, 657 F.3d 623, 624 (7th Cir. 2011) (district court properly dismissed access to court claim without leave to amend at screening where judicial notice of the record in the action in which meaningful access allegedly was denied belies such contention). His purported state law claims will not be considered as a matter of supplemental jurisdiction absent a cognizable federal claim. 28 U.S.C. § 1367; Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

Plaintiff has not met his burden as a party moving for reconsideration. Marlyn Nutraceuticals, Inc., 571 F.3d at 880.

Accordingly, for the foregoing reasons, it is ordered that Plaintiff's Objection to Magistrate Judge's Order to Dismiss Complaint (ECF No. 9) is DENIED.

IT IS SO ORDERED.

Dated:    March 14, 2012             /s/ *Michael J. Seng*
ci4d6                                UNITED STATES MAGISTRATE JUDGE

---

[3] Docket Report in Fosselman v. Evans, U.S.D.C. E.D. Cal. Case No. 1:07-cv-00812-JLO-GSA; Docket Report in Fosselman v. Gibbs et al., U.S.D.C. N. D. Cal. Case No. 4:06-cv-00375-PJH.

[4] U .S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

[5] Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 504 (9th Cir.1986).