# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO FOSSELMAN, JR.,<br><br>      Plaintiff,<br><br>   v.<br><br>HILDAGO, et al.,<br><br>      Defendants. | Case No. 1:11-cv-00575-AWI-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**<br><br>**(ECF No. 20)**<br><br>**CASE TO REMAIN CLOSED** |

Plaintiff, a state prisoner, brought this civil rights action pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. On April 18, 2014, the undersigned adopted Findings and Recommendations by the Magistrate Judge dismissing the action with prejudice for failure to state a claim and judgment was entered thereon.

Before the Court is Plaintiff's May 12, 2014 motion under Rule 59(e) to alter or amend the judgment. He contends the Court committed clear error in adopting the Findings and Recommendations.

"A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon,* 197 F.3d 1253, 1254 (9th Cir. 1999).

In the instant motion, Plaintiff contends the Court committed clear legal and factual error in dismissing the action because, liberally construed, his pleading states a cognizable access to courts claim, or alternatively further leave to amend should have been allowed.

1

Plaintiff re-argues grounds previously considered and found deficient by the Court. (See ECF Nos. 15, 18.) His claimed factual error is simply a re-hash of his pleading allegations. He claims as legal error the Court's failure to consider Defendants' alleged frustration of his efforts to access the Court in *Evans* and *Gibbs*, citing in support *Lewis v. Casey*, 518 U.S. 343, 346-54 (1996). However, the Magistrate Judge applied the *Lewis* standard and thereupon found Plaintiff's allegations insufficient to demonstrate Defendants frustrated Plaintiff's access to court in these actions. (See ECF No. 15, at 3:23-5:18.)

He claims as legal error the Court's failure to take requested judicial notice. However, the Magistrate Judge took judicial notice of the dockets in *Evans* and *Gibbs*. (See Id., at 4, n.1.) Facts other than those not subject to reasonable dispute are not susceptible of judicial notice. Federal Rule of Evidence 201.

He claims as legal error the Court's failure to allow further leave to amend. However, he was provided with notice of pleading deficiencies and leave to amend to correct them prior to dismissal. See *Cato v. U.S.*, 70 F.3d 1103, 1106 (9th Cir. 1995). His amended pleading failed to correct deficiencies for the reasons stated in the Findings and Recommendations.

Plaintiff has not demonstrated clear error in the Court's dismissal of his action. He may not use a Rule 59(e) motion to relitigate matters previously considered and overruled. *Christy v. Sheriff of Palm Beach County, Fla.*, 288 Fed.Appx. 658, 667 (11th Cir. 2008).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's May 12, 2014 motion to alter or amend the judgment (ECF No. 20) is DENIED, and
2. The case shall remain CLOSED.

IT IS SO ORDERED.

Dated:   May 21, 2014                              _____
                                                    SENIOR DISTRICT JUDGE

2